United States District Court
District of Massachusetts

```
                                      )
ORIX CAPITAL MARKETS, LLC IN ITS      )
CAPACITY AS SPECIAL SERVICER AND      )
ATTORNEY-IN-FACT FOR WELLS FARGO      )
BANK, N.A. FORMERLY KNOWN AS          )    Civil Case No.
WELLS FARGO BANK MINNESOTA,           )    10-12019-NMG
N.A., AS TRUSTEES FOR REGISTERED      )
HOLDERS OF SALOMON BROTHERS           )
MORTGAGE SECURITIES VII, INC.,        )
COMMERCIAL MORTGAGE PASS-THROUGH      )
CERTIFICATE SERIES 2000 C-2,          )
         Plaintiff,                   )
                                      )
     v.                               )
                                      )
CADLEROCKS CENTENNIAL DRIVE, LLC,     )
DANIEL CADLE,                         )
         Defendants.                  )
                                      )
```

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiff ORIX Capital Markets ("ORIX") brought suit against defendants Cadlerocks Centennial Drive, LLC ("Cadlerocks") and Daniel Cadle ("Cadle") for breach of a promissory note, a Guaranty and an Environmental Indemnity Agreement.

I. **Background**

After a three day bench trial this Court found Cadle liable pursuant to the Guaranty and Environmental Indemnity Agreement and awarded plaintiff $104,106 in damages for environmental

testing and failure to maintain the property. The Court had previously entered partial summary judgment finding Cadle liable for misappropriation in rent in the amount of $33,484. Thus, the total judgment against Cadle was in the amount of $137,590.

## II. Contractual Basis for Attorneys Fees and Costs

Pursuant to the Guaranty, Cadle is personally liable for attorneys' fees having agreed

> to pay all costs and out-of-pock expenses, including court costs and reasonable fees and disbursements of legal counsel, incurred on behalf of Lender in connection with the enforcement of Guarantors' obligations under this Guaranty.

Additionally, paragraph 30 of the Mortgage renders Cadle, through operation of the Guaranty, personally liable for

> all costs and expenses incurred in pursuing such remedies [contained in the Loan Documents], including, but not limited to reasonable attorneys' fees and costs . . .

## III. Plaintiff's Motion for Attorneys' Fees

Plaintiff seeks $85,095.50 in attorneys' fees. Defendant objects on the grounds that the requested attorneys' fees are "a gross overestimate" of the fees to which ORIX is entitled because it recovered only a small percentage of the total damages it sought at trial.

To begin, the Court notes that

> [W]hen a contractual fee provision is included by the parties, the question of what fees are owed is ultimately one of contract interpretation.

-2-

AccuSoft Corp. v. Palo, 237 F.3d 31, 61 (1st Cir. 2001)(quoting MIF Realty, L.P. v. Fineberg, 989 F.Supp. 400, 402 (D.Mass.1998)). Thus, the Court's "primary obligation is simply to honor the agreement struck by the parties." Id.

Despite having less discretion when awarding fees pursuant to a contractual provision than when awarding fees under a statute providing for a discretionary award, under Massachusetts law the Court may still consider plaintiff's overall success in the case as a factor. Id. (citing First Nat'l Bank of Boston v. Brink, 372 Mass. 257 (1977)). Generally, when determining a fee pursuant to a contractual provision the court considers the factors set forth in Cummings v. Nat'l Shawmut Bank, 284 Mass. 563, 188 N.E. 489, 492 (1934). These factors include

> the ability and reputation of the attorney, the demand for his services by others, the amount and importance of the matter involved, the time spent, the prices usually charged for similar services by other attorneys in the same neighborhood, the amount of money or the value of the property affected by controversy, and the results secured.

Cummings, 284 Mass. at 569.

Although the Court acknowledges that plaintiff has already reduced its fee request by not including charges for 90 hours of work, the Court nonetheless agrees with defendants that the results secured in this case do not support an award of all the fees requested. Of the roughly $500,000 in damages claimed by plaintiff at trial, about 70% ($356,100) was for failure to

maintain the property in good condition. However, the Court awarded only $1,570 in damages on that claim. Overall, ORIX recovered approximately 28% of the damages it sought. Furthermore, included in ORIX's request are fees incurred for time spent on motions in which it was either entirely or largely unsuccessful, e.g., its motion for partial summary judgment. Consequently, in light of the result secured in this case, the Court finds that attorneys' fees in the amount of $50,000 are reasonable and should be awarded.

### IV. Plaintiff's Motion for Approval of Verified Bill of Costs

Plaintiff also moves, pursuant to Fed. R. Civ. P. 54(b)(1), for costs in the amount of $6,187.79. Those costs include the filing fee, service of summons, complaint and subpoenas for depositions and trial, cost of copies of pleadings and trial exhibits, deposition transcripts and trial transcripts.

Of those costs, defendants object to only $578.04 in copying fees. This Court agrees with defendants that those costs relate to copying costs that were incurred to produce additional copies of exhibits and pleadings for the convenience of plaintiff's counsel and were not necessary to preparation for trial. As a result, the Court will approve costs in the amount of $5,609.75.

**ORDER**

In accordance with the foregoing,

1) Plaintiff's motion for attorneys' fees (Docket No. 137) is **allowed, in part, and denied, in part**. Plaintiff is awarded $50,000 in attorneys' fees.

2) Plaintiff's motion for approval of verified bill of costs (Docket No. 133) is **allowed, in part, and denied, in part**. Plaintiff is awarded $5,609.75 in costs.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 2, 2013