United States District Court
District of Massachusetts

|                                              |                    |
|----------------------------------------------|--------------------|
| ORIX CAPITAL MARKETS, LLC, in its capacity as special servicer and attorney-in-fact for WELLS FARGO BANK, N.A., formerly known as Wells Fargo Bank Minnesota, N.A., as Trustee for the registered holders of Salomon Brothers Mortgage Securities VII, Inc., Commercial Mortgage Pass-Through Certificates, Series 2000 C-2, | Civil Action No. 10-12019-NMG |
|   Plaintiff,                                 |                    |
|   v.                                         |                    |
| CADLEROCKS CENTENNIAL DRIVE, LLC and DANIEL CADLE, |              |
|   Defendants.                                |                    |

## MEMORANDUM & ORDER

**GORTON, J.**

Defendants Cadlerocks Centennial Drive, LLC and Daniel Cadle ("Cadle") (collectively, "defendants") move for reconsideration of the award of $50,000 in attorneys' fees and $5,609.75 in costs to plaintiff ORIX Capital Markets ("plaintiff"). VFC Capital Partners 26, LLC ("VFC"), which became the plaintiff-in-substitution in July, 2013, opposes the motion. For the reasons that follow, the motion will be allowed, in part, and denied, in part, and the Court will award plaintiff $20,000 in attorneys' fees and $2,272.05 in costs.

-1-

## I. Background

In 2010, plaintiff brought suit against defendants for breach of a promissory note, a Guaranty and an Environmental Indemnity Agreement. In October, 2012, the Court entered partial summary judgment for plaintiff on the grounds that defendants had misappropriated rent payments worth $33,484. Following a three-day bench trial in December, 2012, the Court found defendants liable under the Guaranty and Environmental Indemnity Agreement and awarded plaintiff $104,106 in damages. Specifically, it awarded $102,536 for damages associated with environmental testing and $1,570 to account for defendants' failure to maintain the property. Thus, the total judgment against defendants amounted to $137,590.

Following the trial, plaintiff sought $85,095.50 in attorneys' fees and $6,187.79 in costs pursuant to defendants' agreement to reimburse the holder of the Guaranty and Mortgage for reasonable attorneys' fees and costs incurred in enforcing their contractual obligations. The Court awarded $50,000 in attorneys' fees and $5,609.75 in costs.

Defendants appealed the finding of liability and award of damages under the Environmental Indemnity Agreement. The First Circuit Court of Appeals agreed that defendants were not liable for the costs of environmental testing under that agreement. It vacated the award of $102,536 in damages and remanded for

reconsideration of the award of attorneys fees and costs in light of that ruling.

## II. **Defendants' Motion for Reconsideration of Fees and Costs**

Cadle is personally liable for attorneys' fees and costs based upon two contractual provisions. First, under the Guaranty, he agreed to

> pay all costs and out-of-pocket expenses, including court costs and reasonable fees and disbursements of legal counsel, incurred on behalf of Lender in connection with the enforcement of Guarantors' obligations under this Guaranty.

Additionally, the Mortgage renders Cadle liable for

> all costs and expenses incurred in pursuing such remedies [contained in the Loan Documents], including, but not limited to reasonable attorneys' fees and costs....

Defendants nevertheless contend that plaintiff is entitled to only $1,068.22 in attorneys' fees and $822 in costs. Plaintiff argues that it is entitled to $31,103 in fees and does not address the cost award.

### A. **Attorneys' Fees**

#### 1. **Legal Standard for Contract-Based Fee Awards**

Where, as here, the parties agree ex ante about how to allocate the costs of enforcing an agreement, "the question of what fees are owed is ultimately one of contract interpretation." AccuSoft Corp. v. Palo, 237 F.3d 31, 61 (1st Cir. 2001) (quoting MIF Realty, L.P. v. Fineberg, 989 F. Supp.

400, 402 (D. Mass. 1998)). The court's "primary obligation is simply to honor the agreement struck by the parties." Id. Its discretion is more limited when the parties have agreed what fees are appropriate than under a fee-shifting statute. Id. (citations omitted).

Generally, when determining a fee pursuant to a contractual provision the court considers the factors set forth in Cummings v. National Shawmut Bank of Boston, which include

> the ability and reputation of the attorney, the demand for his services by others, the amount and importance of the matter involved, the time spent, the prices usually charged for similar services by other attorneys in the same neighborhood, the amount of money or the value of the property affected by controversy, and the results secured.

188 N.E. 489, 492 (Mass. 1934). No single factor is dispositive. Id.

### 2. Application

Defendants maintain that plaintiff is entitled to claim only $1,068.22 in attorneys' fees. They first suggest that the lodestar should be set at $15,849 because 1) plaintiff did not prevail on any of the claims advanced at trial and therefore should not be compensated for time its attorneys spent at trial or preparing for trial and 2) the Court did not rely on any material obtained through discovery in awarding damages for misappropriation for rent on summary judgment. Furthermore, they argue that plaintiff is entitled to about 7% of that

lodestar because it recovered only about 7% of its requested damages.

The Court declines to adopt that lodestar calculation or to limit recovery according to the ratio of damages obtained over damages claimed. Instead, the Court concludes that $20,000 in attorneys' fees is adequate under the aforementioned contractual fee-shifting agreements. First, it notes that plaintiff succeeded only on its misappropriation of rent claim and that result was obtained prior to trial. As a result, any fees incurred after October 10, 2012 are not compensable. The Court therefore bases the lodestar on the following calculations:

```
Attorney Batastini: 78.6 hours x $355/hour = $27,903
Paralegal Mahoney:  25.6 hours x $125/hour = $ 3,200
Total                                        $31,103
```

The Court will reduce that figure to $20,000, however, to account for the fact that at least some of the time spent on the summary judgment motion was allocated to its unsuccessful claim under the Environmental Indemnity Agreement. It declines defendants' invitation to limit fees to 7% of the lodestar because a rigid formula based solely upon damages awarded as a proportion of damages sought is at odds with the flexible and multi-factored test for determining a reasonable fee. See AccuSoft, 237 F.3d at 61; Cummings, 188 N.E. at 492.

**B. Costs**

The Court previously awarded $5,609.75 in costs pursuant to Fed. R. Civ. P. 54(d)(1), which allows the Court to award the "prevailing party" any costs incurred in litigating an action beyond attorneys' fees. For the reasons stated above, plaintiff was not the "prevailing party" at trial. Although it technically prevailed on its claim for property damage, it recovered only a small fraction of the damages it sought. Moreover, the First Circuit vacated this Court's award of damages under the Environmental Indemnity Agreement. Thus, while plaintiff "prevailed on the merits of at least some of [its] claims" asserted at trial, Spooner v. EEN, Inc., 664 F.3d 62, 66 (1st Cir. 2011) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Resources, 532 U.S. 598, 603 (2001)), defendants were ultimately more successful at trial and therefore should not be required to bear plaintiff's costs during that phase of the litigation. See Estate of Hevia v. Portrio Corp., 602 F.3d 34, 46-47 (1st Cir. 2010) ("In situations where one party prevails on some claims and the other party prevails on other claims, the litigants are commonly ordered to bear their own costs.").

Plaintiff is therefore not entitled to recover costs incurred between November, 2012 and January, 2013. See Bill of Costs, Docket No. 134. It is, however, entitled to collect

-6-

$2,272.05 in costs incurred prior to those dates because those expenses are attributable, at least in part, to its successful claim for misappropriation of rent.

### **ORDER**

In accordance with the foregoing,

1) defendants' motion for reconsideration of order regarding ORIX's attorneys' fees and costs (Docket No. 174) is **ALLOWED, in part, and DENIED, in part;**

2) the previous order awarding $50,000 in attorneys' fees and $5,609.75 in costs (Docket No. 148) is **VACATED;** and

3) plaintiff is awarded $20,000 in attorneys' fees and $2,272.05 in costs.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 8, 2014