United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| VFC Partners 26, LLC, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 10-12019-NMG |
| v. | ) ) | |
| CADLEROCKS CENTENNIAL DRIVE, LLC and DANIEL CADLE, | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

**GORTON, J.**

In May, 2015, this Court directed the Receiver, Edward V. Sabella, to retain in escrow $150,000 of the proceeds of the proposed receivership sale for the purposes of satisfying purported claims of defendants. After allowing defendants' motion for extension of time, the Court directed them to file their supplemental memorandum on or before June 30, 2015. Defendants failed to do so. In July, 2015, plaintiff requested that the Court release the escrowed funds.

Pending before the Court are two pro se motions filed by defendant Daniel Cadle ("Cadle"): 1) to terminate defense counsel of record and to proceed pro se and 2) for leave to file his supplemental memorandum regarding damages. Both motions will be denied.

-1-

Because defendants are represented by counsel, motions must be filed by counsel. See United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel."). In order for Cadle to proceed pro se, his counsel must first file a motion for leave to withdraw.  Defendant's pro se motion for leave to file a supplemental memorandum will be denied for the additional reason that Cadle cannot represent co-defendant Cadlerocks Centennial Drive LLC pro se. See In re Victor Publishing, 545 F.2d 285, 286 (1st Cir. 1976) ("a corporation may only be represented by licensed counsel"); see also LR, D. Mass 83.5.5(c) ("A corporation, partnership, limited liability company...may not appear pro se").

Accordingly, Cadle's motion to terminate defense counsel of record and to proceed pro se (Docket No. 281) and his motion for leave to file a supplemental memorandum regarding damages (Docket No. 282) are **DENIED.**

With respect to the funds currently held in escrow, it appears that defendants' counsel intended not to file a supplemental memorandum, perhaps because they have no legitimate claim to the funds.  In light of Cadle's futile attempt to proceed pro se, however, the Court will allow one final extension of time to allow defendants' counsel to file a motion

for leave to withdraw and/or for the filing of a supplemental memorandum.  Cadle may file such a memorandum pro se as to his individual claims only or he may retain new counsel to represent the interests of both defendants but he must do so within the limited time allowed.

All relevant pleadings, including any supplemental memorandum by defendant(s), shall be filed on or before August 31, 2015.  Opposition to any such pleadings shall be filed on or before September 14, 2015.

No further extensions will be allowed and in the absence of the filing of any supplemental memorandum, the funds held in escrow will be released on September 1, 2015.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 29, 2015